DOWNEY, Judge.
Appellant, Rush Hampton Industries, Inc., seeks reversal of an amended final judgment of the circuit court denying appellant relief against the appellees, Builders’ Board of Adjustment and Appeals and the City of Boca Raton.
Rush Hampton manufactures a ductless fan known as the CA — 90, which is designed to serve as an alternative to ventilation and exhaust systems in windowless bathrooms. The fan pulls air through a chemically saturated particle filter in the unit; the air becomes saturated with the chemical and is ejected from the unit, defusing the sanitized air throughout the room. The CA — 90 unit has been approved by the Florida Board of Building Codes and Standards and the National Sanitation Foundation.
Rush Hampton had a contract with a developer of a condominium in the City of Boca Raton to furnish CA-90’s for installation in the bathrooms of various units. However, the Chief Code Administrator of the City refused to approve the use of the CA-90 systems, as he interpreted the building and mechanical codes of the City to require exhaustion of air from toilet rooms directly to the out-of-doors. Rush Hampton appealed the Code Administrator’s ruling to The Builders’ Board of Adjustment and Appeals of the City without success. Rush Hampton then filed, in the Palm Beach County Circuit Court, two suits, which were consolidated, seeking to require City approval of the CA-90 fans for use in windowless bathrooms. After a non-jury trial an amended final judgment was entered denying the relief requested, and this appeal followed.
The validity of the judgment depends upon the interpretation of one provision of the Standard Building Code and one provision of the Standard Mechanical Code, both of which codes were adopted as ordinances in December, 1977, by the City of Boca Raton. The pertinent provision of the Standard Mechanical Code is Section 307.-2(c), which section was amended to read as follows when the City adopted the Standard Mechanical Code as an ordinance:
*1070 General Provisions. Where mechanical ventilation is required from bath, toilet, urinal, locker, service sink, closets and similar room, it shall be an independent system, and shall exhaust at least two (2) cubic feet of air per minute per square foot of floor area.
The relevant Building Code section is Section 2001.5(a):
Where ventilation is provided by mechanical means, fresh air in sufficient quantity to maintain healthful conditions shall be provided to meet the requirements of all state laws. In the absence of such requirements, ventilation at least equivalent to the requirements of this code governing natural ventilation shall be provided, or an approved air circulation and treatment system in compliance with National Sanitation Foundation Standard C-10-1976 may be provided.
The trial court based its denial of relief upon the following findings. Section 2001(5)(a) of the Standard Building Code “provides that mechanical ventilation may be provided by an approved air circulation and treatment system meeting a certain standard” (the parties stipulated the CA-90 fan met that standard). However, Section 307.2(c) of the Standard Mechanical Code (which section, as amended, and Section 2001.5(a) of the Standard Building Code were simultaneously adopted as portions of two City ordinances) appeared to proscribe use of the fan. Because of the statutory construction rule that a more specific rule will prevail over a more general rule on the same subject, “The Standard Mechanical Code prevails over the Standard Building Code to the extent of conflict between provisions of the Codes relating to mechanical systems, and therefore the former prevails over the latter as applied to this case.”
We hold that the trial court misapplied the statutory construction rule set forth in its amended judgment. Since Section 307.2(c) deals only with required mechanical ventilation systems, the trial court’s application of the rule of statutory construction would have been appropriate if Section 2001.5(a) dealt solely with the same subject, namely, required mechanical ventilation systems. However, Section 2001.5(a) deals with two subjects other than required mechanical ventilation systems, namely, natural ventilation and air circulation and treatment systems. We thus conclude that Section 2001.5(a) prevails over Section 307.-2(c), because the former section deals specifically with air circulation and treatment systems while the latter does not deal with them at all.
In addition to the foregoing, it is worthy of note that the 1976 version of Section 2001.5(a) simply provided:
Where ventilation is provided by mechanical means, fresh air in sufficient quantity to maintain healthful conditions shall be provided to meet the requirements of all State laws. In the absence of such requirements, ventilation at least equivalent to the requirements of this code governing natural ventilation shall be provided.
However, this section was amended in 1977 to add:
“or an approved air circulation and treatment system in compliance with National Sanitation Foundation Standard C-10-1976 may be provided.”
This amendment indicates that it was the intention of the drafters of the Southern Standard Building Code to allow use of an air circulation and treatment system approved by the National Foundation in place of a mechanical system in the absence of “requirements of all state laws.” Since it was not shown that there is any state law dealing with ventilation requirements, it follows that use of the CA-90 is not barred by the Building Code of Boca Raton. Accordingly, we reverse the amended judgment and remand the cause with directions that the trial court enter judgment granting the appellant the relief it sought.
REVERSED AND REMANDED with directions.
BERANEK and GLICKSTEIN, JJ., concur.